UNITED STATES of America, Plaintiff,

v.

Mark Edward TROUT, and Cairo Brasil Machado, Defendants.

No. CR–85–0766 RFP.

United States District Court,
N.D. California.

Dec. 26, 1985.

Ross Nadel, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

David Meadows, Keker & Brockett, San Francisco, Cal., for defendant Mark Edward Trout.

George Walker, San Francisco, Cal., for defendant Cairo Brasil Machado.

## ORDER

PECKHAM, Chief Judge.

### INTRODUCTION

The government brings this motion in an attempt to obtain reconsideration of an order of November 20, 1985, granting defendant Trout's motion for issuance of letters rogatory. The November 20, 1985, order was granted by Judge Williams, acting as General Duty Judge, without prejudice to the government's right to bring this matter before this Court for reconsideration. The motion for reconsideration was heard on December 9, 1985. For the reasons set forth below, the motion is denied. The Court will therefore issue the letters rogatory to the appropriate Brazilian authorities.

### FACTS

This case is based upon the discovery by government officials in August 1985 of a motorcycle shipped from Brazil to the United States that had three and three-quarters pounds of cocaine secreted within its air filter cover. Defendants Trout and Machado were arrested at the San Francisco airport, where they allegedly intended to pick up the motorcycle and its contraband. The defendants have been indicted on two counts: importation of a controlled substance, 21 U.S.C. § 952(a), and possession of a controlled substance with an intent to distribute, 21 U.S.C. § 841(a)(1).

In an order filed October 21, 1985, this Court ruled that the joint trial of defendants Trout and Machado should be conducted by use of a double jury procedure to limit the prejudice to defendants of the introduction of extrajudicial statements made by each defendant concerning the ownership of the motorcycle and the actions of the other in arranging for its shipment.

Defendant Trout's motion for issuance of letters rogatory and continuance of trial, initially brought in November 1985, sought to obtain information from a witness in Brazil. This witness, according to the dec-

laration of Trout's counsel, has personal knowledge regarding the shipment of the motorcycle to the United States that will confirm Trout's defense that he did not make these arrangements. Trout's counsel therefore argues that the witness, Ricardo Deus Motta, is "crucial" to Trout's case. Decl. of David Meadows, Nov. 6, 1985, at 6.

Trout's counsel succeeded in reaching Motta by telephone on November 5, 1985. Trout alleges that Motta can testify, among other things, that defendant Machado handled all shipping arrangements of the motorcycle from Brazil back to the United States, after Trout had left Brazil. Motta indicated that he would not be willing to come to the United States to testify, nor would he go to a country outside of Brazil that permits voluntary depositions to be taken. Moreover, according to Trout's counsel, Brazil does not allow voluntary depositions of its citizens in Brazil by American attorneys for use in American court cases. Motta is nevertheless willing to cooperate with appropriate Brazilian authorities in answering questions.

Consequently, Trout sought in his motion heard November 20, 1985, to have the Court issue letters rogatory that pose written questions to Motta. An official in the American embassy in Brazil informed Trout's counsel, however, that the procedure for the letters rogatory may take as long as six months. The government's most recent declaration states that a U.S. State Department official has indicated that letters rogatory in the form of written questions to a Brazilian witness could take between six months and a year before the Court receives answers to the questions. Decl. of Ross Nadel, Nov. 27, 1985, at 1–2.

The reason for this delay, according to the U.S. State Department, is that the letters rogatory must proceed from the U.S. Embassy in Brazil to the Brazilian Ministry of External Affairs, to the Brazilian Justice Department, to the Brazilian Supreme Court, to the Brazilian Solicitor General's Office, and then back to the Supreme Court for issuance to the appropriate local Brazilian court for handling the question-

ing. These steps are then retraced before the return of the letters rogatory to the issuing court. Decl. of Meadows, Nov. 6, 1985, at 5–6.

## DISCUSSION

### Issuance of Letters Rogatory Under Fed. R. Crim. P. 15

For purposes of his original motion, Trout argued that Fed.R.Crim.P. 15 authorizes the Court to issue letters rogatory to a foreign citizen in the context of this case since the rule allows for testimony of a prospective witness to be preserved for use at trial "whenever due to the exceptional circumstances of the case it is in the interests of justice" that such testimony be obtained through a deposition. Fed.R. Crim.P. 15(a). Neither side disputes the fact that Rule 15 provides the Court with authority, in general, to issue letters rogatory as a means of obtaining deposition testimony in a criminal case. *United States v. Steele*, 685 F.2d 793, 809 (3d Cir. 1982) ("Fed.R.Crim.P. 15(d) directs that depositions are to be taken in the manner provided in civil actions, and Fed.R.Civ.P. 28(b)(3) authorizes the taking of depositions in foreign countries 'pursuant to a letter rogatory.' ").

The "exceptional circumstances" of Rule 15 are present if (1) the witness' testimony is material to the case, and (2) the witness is unavailable to appear at trial. *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir.1984). Notwithstanding the government's initial arguments, both of these factors are clearly satisfied by Trout's attempt to obtain the testimony of the Brazilian witness Motta.

### Admissibility of Testimony Obtained Via Letters Rogatory

At the hearing on this motion, the government argued that even in instances where a Rule 15 deposition upon written questions would conform to the technical requirements of this rule, the resultant deposition would not necessarily result in admissible evidence. In particular, the government points to Fed.R.Crim.P. 15(e)

governing "use" of criminal depositions which states that a deposition must be "otherwise admissible under the rules of evidence."

The government's motion for reconsideration of the order granting Trout's motion for issuance of the letters rogatory therefore is based primarily upon an argument that any evidence produced by the letters rogatory would not be admissible at trial. The government claims that such evidence would not be admissible since the government would not have the opportunity to cross-examine the witness. Motion for Reconsideration, at 4. Thus, the government believes that, while the answers to the letters rogatory constitute hearsay, the hearsay exception for former testimony in Rule 804(b)(1) of the Federal Rules of Evidence would not apply. Rule 804(b)(1) provides the following exclusion from the hearsay rule for an unavailable witness:

> (1) *Former Testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Fed.R.Evid. 804(b)(1).

The government cites two recent 10th Circuit cases in support of its argument that the government's inability to conduct conventional cross-examination justifies exclusion of certain deposition testimony. These cases are plainly inapposite since they involve instances where a criminal defendant was not allowed to introduce deposition testimony from earlier civil proceedings where the United States' inability to conduct the cross-examination of the witnesses was due to the fact that it was not even a party to the earlier proceedings. *United States v. Kapnison,* 743 F.2d 1450, 1458–59 (10th Cir.1984); *United States v. Harenberg,* 732 F.2d 1507, 1516 (10th Cir. 1984). In this case, unlike the case of a defendant attempting to introduce deposition testimony from other proceedings in which the government was not a party, the government *does* have an opportunity to conduct cross-examination by submitting its own questions to follow those of the defendant.

The government is therefore incorrect in arguing, for purposes of the Court's application of Fed.R.Evid. 804(b)(1), that it would be unable to conduct "direct, cross, or redirect examination" if the letters rogatory are issued. The Court's order of November 20, 1985, authorized the government to append to the letters rogatory cross-examination questions that should be asked subsequent to the questions posed by defendant Trout; these questions were to have been served on Trout's counsel by December 13, 1985. Decl. of David Meadows, Dec. 4, 1985, at 2.

The government implicitly argues that a procedure whereby the government must submit its cross-examination in advance of receiving the answers to a direct examination does not constitute a true cross-examination. Given the unique circumstances of this case, however, the government has failed to demonstrate why a less robust cross-examination (i.e., one that must be planned in advance) is sufficiently prejudicial to the government to justify excluding evidence that is critical to one of the defendants and which would otherwise be admissible. Moreover, Trout's counsel has already indicated the likely responses of the Brazilian witness to Trout's proposed questions, thereby allowing the government's drafting of cross-examination questions to be much closer to the usual practice of asking cross-examination questions after having the benefit of a witness' response to direct questions.

In addition, to the extent that Fed.R. Crim.P. 15(d) adopts the procedures utilized for taking civil depositions, it is significant that the procedure specified in Fed.R.Civ.P. 31 governing depositions upon written questions appears to contemplate the drafting of cross-examination questions by an opposing party *prior* to the time when, in

many instances, a written response would have been received. Fed.R.Civ.P. 31(a) ("Within 30 days after the notice and written questions are served, a party may serve cross questions upon all other parties."). *See* 8 Wright & Miller, Federal Practice and Procedure: Civil, § 2132, at 444 ("One of the obvious difficulties with Rule 31 is that it is hard to formulate cross[,] redirect, or recross questions before the answers to earlier questions are known. This lack of flexibility undoubtedly is one of the reasons for the infrequent use of the procedure.").

Finally, the government's argument that the testimony obtained by means of the letters rogatory would necessarily be inadmissible at trial neglects the Court's ability to admit this type of hearsay evidence under the more open-ended provisions of Fed. R.Evid. 804(b)(5):

(5) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed.R.Evid. 804(b)(5). At this point, there is no reason to assume that the procedure employed by the Brazilian authorities, combined with the government's ability to ask follow-up questions of the Brazilian witness, would result in testimony that does not have "circumstantial guarantees of trustworthiness." The requirements of (A) through (C) of Rule 804(b)(5) would presumably be satisfied in this circumstance in light of Trout's contention that the evidence obtained from the Brazilian witness will be "crucial and exculpatory." Defendant's Opp. to Motion, Dec. 4, 1985, at 5.

The government's motion for reconsideration of the order granting issuance of letters rogatory is therefore

DENIED.

IT IS SO ORDERED.